Exhibit A

CONCERNED ROSEBUD AREA CITIZENS, et al., Plaintiffs, v. BRUCE BABBITT, Secretary of the United States Department of the Interior and KEVIN GOVER, Assistant Secretary for Indian Affairs, United States Department of the Interior, Defendants.

Civil Action No. 98-2841 (JHG)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

34 F. Supp. 2d 775; 1999 U.S. Dist. LEXIS 938

January 21, 1999, Decided
January 21, 1999, Filed

DISPOSITION: [**1] Defendants' motion to transfer DENIED. Plaintiffs' motion for a preliminary injunction consolidated with the request for final judgment. Court granted a consent motion to allow defendants to respond to the preliminary injunction by January 11, 1999. Court's Order of January 12, 1999 modified.

CORE TERMS: lease, environmental, preliminary injunction, administrative record, injunctive relief, motion to transfer, concedes, parties agree, pork, summary judgment, immediate harm, final decision, lease-validity, contingent

COUNSEL: For CONCERNED ROSEBUD AREA CITIZENS, PRAIRIE HILLS AUDUBON SOCIETY OF WESTERN SOUTH DAKOTA, HUMANE FARMING ASSOCIATION, plaintiffs: Katherine Anne Meyer, MEYER & GLITZENSTEIN, James Bryan Dougherty, Washington, DC.

For CONCERNED ROSEBUD AREA CITIZENS, PRAIRIE HILLS AUDUBON SOCIETY OF WESTERN SOUTH DAKOTA, HUMANE FARMING ASSOCIATION, plaintiffs: Gretchen G. Biggs, ANIMAL LAW CENTER, Boulder, CO.

For plaintiffs: James Bryan Dougherty, Washington, DC.

For plaintiffs: Gretchen G. Biggs, ANIMAL LAW CENTER, Boulder, CO.

For BRUCE BABBITT, KEVIN GOVER, federal defendants: Rollin Anthony Rogers, U.S. DEPARTMENT OF JUSTICE, Washington, DC.

JUDGES: JOYCE HENS GREEN, United States District Judge.

OPINIONBY: JOYCE HENS GREEN

OPINION: [*775] ORDER

In this case, plaintiffs (hereafter collectively "Concerned Citizens") challenge the decision of the Interior Department's Bureau of Indian Affairs [**2] ("BIA") to approve a lease between the Rosebud Sioux Tribe and Sun Prairie, a Nebraska general partnership, for purpose of constructing and operating a sizable "pork production facility" (hereafter "the Facility"). See 25 U.S.C. §§ 81, 85 (requiring approval by the Secretary of Interior and consent of the United States for contracts with Indian Tribes concerning property). The parties agree that BIA's lease approval was a major federal action requiring the Government to review the environmental consequences of the proposed action under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332(C). The result of BIA's environmental inquiry was a Finding of No Significant Impact ("FONSI") from the proposed facility. Concerned Citizens challenge that finding, and BIA's lease approval based thereon, on procedural and substantive grounds. Two days before Christmas, Concerned Citizens asked the Court to preliminary suspend the lease approval pending final resolution of this case.

Rather than respond to the motion for preliminary injunction, the Government filed motions to stay this litigation and to transfer the action to the United States District Court for the District of South [**3] Dakota. This Court denied the motion to stay on January 12, 1999 and held a public hearing on the motion to transfer this date.

[*776]    Certain factual representations were made to the Court which are repeated herein and are relied upon by this Court in making her ruling. The Rosebud Sioux Tribe inhabit an economically depressed area. The Tribal Government has agreed to the lease because construction and operation of the Facility will result in increased employment for the Rosebud Sioux. Bell Farms, which will operate the Facility on Sun Prairie's behalf, is one of the largest pork producers in the United States.

Not all members of the Tribe agree that the economic benefits from the lease are worth the environmental costs, and some of those dissident members are also members in the plaintiff organizations.

As of this date, at least eight of 24 buildings planned for Site 1 of the Facility are under construction. Construction on a ninth building began but has temporarily ceased.

Assistant Secretary Gover's position on behalf of the Department of the Interior is that the United States will use all of its powers to cease any further construction beyond the eight buildings in progress and to [**4] prevent any operations from commencing until after plaintiffs' motion for preliminary injunction has been resolved, regardless of which court decides it.

The Government concedes that venue for this action is proper in this Court but takes the position that South Dakota is a more convenient forum, primarily with respect to witnesses who may testify on the issue of injunctive relief. The Government argued that on the merits there are two issues in this case. First, the Government concedes that the validity of the lease must be decided solely on the basis of the administrative record. Second, the Government treats the issue of injunctive relief as being distinct from the lease-validity issue, and it suggests that it MAY call witnesses to ask the Court to allow Site 1 to operate even if the Court determines that the lease is invalid.

The Government is unsure about its need for witnesses because Assistant Secretary Gover is awaiting input from the United States Environmental Protection Agency ("EPA"), which previously urged BIA to conduct a broader study of the environmental impacts than was done, as to whether the design of Site 1 is environmentally sound. The Court inferred from Government [**5] counsel's description that these post-FONSI consultations concerning environmental impacts are taking place outside public view with no opportunity for notice or comment. Thus, the Government's entire argument in favor of transfer is contingent upon a decision that has not been made.

Moreover, a reading of the complaint demonstrates that the lease-validity issue, which the Government concedes must be decided on the record alone, is the issue for which injunctive relief is sought. Concerned Citizens seek a series of declarations that the Government has violated a number of provisions of law followed by injunctive relief suspending the lease approval. In fact, it appears that even the so-called "injunctive" relief sought is really just another declaratory judgment adjudging the lease to be void. However styled, the parties agree that the basis for granting relief must be found only in the administrative record.

The Government complains that a number of interested groups may be foreclosed from effectively participating in this case if it remains here. But the argument ignores the limited task of the Court. Plaintiffs seek a backward-looking review of an administrative process that is [**6] complete and has resulted in a final decision. It may be that if this Court grants the relief sought, subsequent litigation may erupt in South Dakota, and it may well be that the interested groups will wish to be heard further on the merits of the agency's decision. But those concerns should be addressed to the agency, because, as has been conceded, this Court is concerned only with a record that is closed.

This Court is not insensitive to the needs and interests of the Rosebud Sioux, Sun Prairie, Bell Farms or the State of South Dakota. But the issue in this case is solely whether the federal government complied with federal law, and that is the kind of question that is routinely and properly answered in this District and Circuit. Moreover, in this case, a swift answer is in order. [*777]    Accordingly, upon consideration of the entire record in this matter, it is hereby

ORDERED that defendants' motion to transfer is DENIED. When balancing the factors and considering that the merits of this case will be resolved based on the administrative record, it is clear that defendants have failed to offer a sufficient reason to disturb plaintiffs' choice of forum. It is

FURTHER ORDERED [**7] that plaintiffs' motion for a preliminary injunction is hereby consolidated with the request for final judgment. The Court granted a consent motion to allow defendants to respond to the preliminary

injunction by January 11, 1999. Presumably, the Government was prepared to file the administrative record with its response, but that has not been done. Relying on defendants' representation that plaintiffs would suffer no immediate harm from resolving the motion to transfer first, see Defs.' Transfer Mem. at 3 & n.3, the Court established a contingent and expedited briefing schedule to resolve the entire case. See Order of January 12, 1999. From plaintiffs' opposition to the transfer motion, it appears that contrary to defendants' representations, plaintiffs are likely to suffer more immediate harm. See generally Affidavit of Brad Shouldis. Therefore, it is

FURTHER ORDERED that the Court's Order of January 12, 1999 is modified as follows:

1. Defendants shall file a complete administrative record and an answer to the complaint not later than January 25, 1999 at 10:00 a.m. EST.

2. Any and all motions for summary judgment shall be filed by February 2, 1999 at [**8]    4:00 p.m. EST. In light of current jurisprudence requiring the Court to inquire into its own jurisdiction even if the parties have not raised the issue, the moving party shall include a brief section entitled "Standing" that gathers together the factual and legal allegations demonstrating whether or not plaintiffs have constitutional, statutory and prudential standing to bring this action.

3. Oppositions shall be filed not later than February 8, 1999 at 4:00 p.m. EST.

4. Replies, if any, shall be filed not later than February 10, 1999 at 4:00 p.m. EST.

5. With respect to all filings, service shall be made at the same time as filing. That which can be sent by facsimile shall be. Materials that are too voluminous to be faxed shall be served by hand. Defendants shall also

send a copy of all filings by overnight mail to plaintiffs' lead counsel. A courtesy copy of all filings is to be delivered to Chambers at the same time as filing with the Clerk of Court.

6. Argument on the motions for summary judgment will be heard on February 16, 1999 at 9:30 a.m. EST. At the hearing, the Court will determine whether a preliminary injunction should issue for the time necessary [**9] to issue a final decision on the merits.

IT IS SO ORDERED.

January 21, 1999.

2:50 pm EST

JOYCE HENS GREEN

United States District Judge

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONCERNED ROSEBUD AREA
   CITIZENS, et al.,           )
                                )
           Plaintiffs,        )
                                )
        v.                )     No. 1:98CV002841 (JHG)
                                )
BRUCE BABBITT, Secretary of the Interior,  )
   U.S. Department of the Interior, et al.,   )
                                )
           Defendants.      )
                                )

**FILED**

FEB 01 1999

Clerk, U.S. District Court
District of Columbia

### JOINT STIPULATION OF DISMISSAL

       The Plaintiffs and the Defendants ("the Parties") in the above captioned case hereby agree

and stipulate to the following:

       1.     As stated in the letter, dated January 27, 1999, from Assistant Secretary–Indian

Affairs Kevin Gover to Norman Wilson, President of the Rosebud Sioux Tribe, which letter is

attached to and incorporated into this Stipulation, Mr. Gover states that the approval of the Lease

between the Tribe and Sun Prairie for the pork production facility at issue in this case ("the

Lease") "is, and always has been, void for failure to fully comply with [the National

Environmental Policy Act, 43 U.S.C. §§ 4332 et seq]."

       2.     The Parties will attempt to negotiate an appropriate amount of attorneys fees and

costs to be paid to Plaintiffs.  If no such agreement is reached before March 1, 1999, Plaintiffs

will have until April 1, 1999, to file such petition with the Court.

       3.     Because the Lease is void, the Parties agree that this case should be dismissed

without prejudice.

///

///

///

///

FOR PLAINTIFFS:                          FOR DEFENDANTS:

Gretchen G. Biggs, Esq.                  R. Anthony Rogers (D.C. Bar # 54056)
Animal Law Center                        U.S. Department of Justice
421 Highland Avenue                      Environment & Natural Resources Division
Boulder, CO 80302                        General Litigation Section
                                         P.O. Box 633
                                         Washington, DC 20044-0633

Dated: January 29, 1999                  Dated: January 29, 1999

        IT IS SO ORDERED.


                                         JOYCE HENS GREEN
                                         United States District Judge


Dated: February 1        , 1999.


- 2 -