# VIKEN, VIKEN, PECHOTA, LEACH & DEWELL, LLP

*Attorneys at Law*
1617 Sheridan Lake Road
Rapid City, South Dakota 57702-3483
FAX (605)341-0716

Linda Lea M. Viken
Jeffrey L. Viken
Terry L. Pechota
James D. Leach
Kenneth R. Dewell
Scott D. McGregor



TEL: (605)341-4400

Kendra K. Perry
*Legal Assistant*

*VIA FACSIMILE*
(202)

November 13, 1998

Elizabeth Bell, Esq.
Bureau of Indian Affairs
Washington, DC

Re:   Rosebud/Sun Prairie Pork Production Facilties

Dear Ms. Bell:

This letter follows up on last week's conference call concerning the sun Prairie pork production operations under construction on the Rosebud Sioux Reservation in South Dakota. I would like to update you on the progress that has been made since the call concerning the "enforceability" issue you have raised.

A draft amendment to Title 19 of the Rosebud Sioux Law and Order Code has been prepared to establish a new chapter specifically regulating concentrated swine feeding operations on Tribal and Trust lands. The substantive standards in the draft amendment are based largely on the general permit recently adopted by the State of south Dakota, and approved by the United States Environmental Protection Agency, for such swine feeding operations. While the Tribe does not intend to allow the State of South Dakota to enforce those regulations, they nonetheless provide an excellent technical background for monitoring of a facility such as the one being constructed by Sun Prairie.

The attorneys for the Tribe and Sun Prairie are presently reviewing this draft with our clients. It is our hope that there will be a draft document available for review by BIA (and EPA if it wishes) by next week.

Elizabeth Bell
Page 2
November 13, 1998

To introduce you to the concepts in the draft amendment, the following outlines some of the principal provisions under review:

1. Assuming the Tribe and sun Prairie are able to come to agreement on the particulars of the draft amendment, our intention would be that Sun Prairie would consent to this amendment (to ensure that the requirements of the lease concerning adoption of new regulatory terms are met), and with such consent, the applicable standards in the amendment would be, under the express terms of the lease, enforceable not only by the Tribe, but also by the United States.

2. The amendment would expressly indicate that if and to the extent any agency of the United States has independent enforcement authority under applicable statutes (for example, EPA storm water requirements when they are applicable), these new Tribal provisions would not eliminate or restrict such authority of the United States.

3. The substantive environmental requirements to be imposed would include measures regarding surface water protection, ground water protection, ground water monitoring, nutrient management, odor control archeological review, closure and the other mitigation measures addressed in the environmental assessment for which BIA has issued its Finding of No Significant Impact.

4. Because Sun Prairie always has indicated that it is willing to provide to both BIA and EPA the relevant plans and specifications for each of its facilities prior to construction, the draft amendment includes provisions which would formalize this commitment by requiring submission of documents to the federal agencies as well as to the Tribe. There also are provisions that would make all of these submissions public documents available for review by any person wishing to inspect them.

While the terms outlined above are not yet final, this summary should give you some idea of the di4rection in which the Tribe is proceeding. We look forward to discussion in the near future regarding these matters. In the meantime, feel free to call me, or Greg Fontaine [(612) 340-8729], one of Sun Prairie's attorneys, if you have any questions for the Tribe or Sun Prairie.

Respectfully submitted,

VIKEN VIKEN PECHOTA LEACH & DEWELL, L.L.P.

Kenneth R. Dewell

4  1402

KRD/bjr

TOTAL P.03